UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STYLELIINE STUDIOS INTERNATIONAL LIMITED,  :

                     Plaintiff,          :

        -against-                :

JAY LITVACK,                         :

                   Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 24-1192-OEM-JMW

**ORDER TO**
**SHOW CAUSE**

Upon the reading of the annexed Declaration of Tina EY-Vean Liu, dated February 15, 2024, with supporting Exhibits A through T (the "Liu Decl."), the annexed Emergency Declaration of Alexander D. Widell, dated February 15, 2024 (the "Widell Decl."), the Complaint filed herein and the accompanying Memorandum of Law, it is hereby

ORDERED, that the above-named defendant Jay Litvack ("Defendant") show cause before this Court on the __ day of February, 2024 at ___ a.m., or as soon thereafter as counsel may be heard, in Room ___ of the United States District Court for the New York Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, why an Order should not be entered pursuant to 15 U.S.C. § 1116(a) and Rule 65 of the Federal Rules of Civil Procedure:

    1.    preliminarily enjoining Defendant, his agents, servants, employees, attorneys and all other persons or entities in active concert or participation with any of them, from:

        a.  manufacturing, importing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote footwear or any other goods bearing, displaying, or using the Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

b. manufacturing, importing distributing, displaying, marketing, advertising, promoting, selling, or using any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

c. engaging in any activity that infringes Plaintiff's rights in its J/SLIDES Mark;

d. engaging in any activity constituting unfair competition with Plaintiff;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f. using or authorizing any third party to use in connection with any business or good any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business or good with Plaintiff or tend to do so;

g. registering or applying to register any trademark service mark, domain name (regardless of ccTLD or gTLD), trade name, or other source identifier or symbol of origin consisting of or incorporating the J/SLIDES Mark or any other mark that infringes or is likely to be confused with Plaintiff's J/SLIDES Mark or any goods or services of Plaintiff, or Plaintiff as their source;

h. in connection with any sponsored advertising on the internet, purchasing the trademark J/SLIDES or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's trademark J/SLIDES, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Plaintiff or the J/SLIDES Mark on the internet will cause any domain name or website of Defendant to appear in search results;

i. secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling of footwear or any other products that bear, contain, display or use Plaintiff's J/SLIDES Mark or any other

mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark; and

j.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (j); and

2.  granting such other and further relief as this Court deems just and proper; and it is further

ORDERED, that sufficient reason having been shown, pending the hearing and determination of Plaintiff's application for a preliminary injunction, Defendant, his agents, servants, employees, attorneys and all other persons or entities in active concert or participation with any of them, be and hereby are temporarily enjoined and restrained from:

a.  manufacturing, importing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote footwear or any other goods bearing, displaying, or using the Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

b.  manufacturing, importing distributing, displaying, marketing, advertising, promoting, selling, or using any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

c.  engaging in any activity that infringes Plaintiff's rights in its J/SLIDES Mark;

d.  engaging in any activity constituting unfair competition with Plaintiff;

e.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f.  using or authorizing any third party to use in connection with any business or good any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business or good with Plaintiff or tend to do so;

3

g.  registering or applying to register any trademark service mark, domain name (regardless of ccTLD or gTLD), trade name, or other source identifier or symbol of origin consisting of or incorporating the J/SLIDES Mark or any other mark that infringes or is likely to be confused with Plaintiff's J/SLIDES Mark or any goods or services of Plaintiff, or Plaintiff as their source;

h.  in connection with any sponsored advertising on the internet, purchasing the trademark J/SLIDES or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's trademark J/SLIDES, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Plaintiff or the J/SLIDES Mark on the internet will cause any domain name or website of Defendant to appear in search results;

i.  secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling of footwear or any other products that bear, contain, display or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark; and

j.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (j); and it is further

ORDERED, that service of a copy of this Order and the papers upon which it is based by recognized overnight mail service and electronic mail, upon Defendant at his place of business or residence, on or before the 16th day of February, 2024, is deemed good and sufficient service; and it is further

ORDERED, that answering papers shall be served upon Plaintiff's attorneys, Moritt Hock & Hamroff LLP, at their offices located at 400 Garden City Plaza, Garden City, New York 11530, Attn: Alexander D. Widell, so as to be received by _____ p.m. on or before the ___ day of _____, 2024, with reply papers, if any, to be served upon Defendant's counsel so as to be received by _____ p.m. on or before the ___ day of _____, 2024.

3497776v1

Dated: New York, New York
      February \_\_\_, 2024

 

                                        _____

                                        United States District Judge

3497776v1