UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Filed: February 16, 2024 11:17 a.m.

-------------------------------------------------------------x

STYLELINE STUDIOS INTERNATIONAL LIMITED,

                Plaintiff,

      v.

JAY LITVACK,

                Defendant.

-------------------------------------------------------------x

Case No. 2:24-cv-1192-OEM-JMW

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AS TO DEFENDANT JAY LITVACK

Upon review of the Complaint of Plaintiff Styleline Studios International Limited ("Plaintiff"), the memorandum of law submitted in support of Plaintiff's motion for a temporary restraining order and preliminary injunction, and the accompanying declarations and the exhibits annexed thereto, and for good cause shown, it is hereby:

ORDERED, that for the reasons set forth in Plaintiff's request for entry of a temporary restraining order, Plaintiff's request be and hereby is GRANTED; and it is further

ORDERED that, pending further order of this Court, Defendant Jay Litvack ("Defendant") and his agents, servants, employees, attorneys, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately temporarily restrained from:

1. Manufacturing, importing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote footwear or any other goods bearing, displaying, or using the Plaintiff's J/SLIDES Mark

or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

2. Manufacturing, importing, distributing, displaying, marketing, advertising, promoting, selling, or using any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

3. Engaging in any activity that infringes Plaintiff's rights in its J/SLIDES Mark;

4. Engaging in any activity constituting unfair competition with Plaintiff;

5. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

6. Using or authorizing any third party to use in connection with any business or good any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business or good with Plaintiff or tend to do so;

7. Registering or applying to register any trademark service mark, domain name (regardless of ccTLD or gTLD), trade name, or other source identifier or symbol of origin, consisting of or incorporating the Plaintiff's J/SLIDES Mark or any other mark that infringes or is

    likely to be confused with Plaintiff's J/SLIDES Mark or any goods or services of Plaintiff, or Plaintiff as their source;

8. In connection with any sponsored advertising on the internet, purchasing the trademark Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's trademark J/SLIDES, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Plaintiff or the J/SLIDES Mark on the Internet will cause any domain name or website of Defendant to appear in search results;

9. Secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling of footwear or any other products that bear, contain, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark; and

10. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (9).

    ORDERED that the temporary restraining order as set forth in subparagraphs (1) through (10) above shall be in effect for a period of 14 days from the entry hereof, after which it shall expire absent further order of the Court; and it is further

    ORDERED that Defendant shall show cause before this Court at Courtroom 6C, Theodore Roosevelt United State Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, on <u>February 26, 2024, at 11:00 a.m.</u>, or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal

Rules of Civil Procedure, should not be issued enjoining Defendant and the Restrained Parties in the manner set forth in paragraphs (1) through (10) of this Order for the duration of this litigation; and it is further

ORDERED that answering papers, if any, be filed by Defendant with this Court and served upon Plaintiff's counsel, Alexander D. Widell, by email at awidell@moritthock.com on or before February 23, 2024, at 11:00 a.m., and reply papers, if any, shall be filed and served on or before February 26, 2024, at 11:00 a.m., and finally, it is

ORDERED that Defendant is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of the preliminary injunction, and that failure of Defendant to respond to the Order to Show Cause by February 23, 2024, shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. Defendant shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Restrained Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

SO ORDERED.

                                                             /s/
                                                         ORELIA E. MERCHANT
                                                         United States District Judge

Dated: Brooklyn, New York
       February 16, 2024 at 11 a.m.