UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Filed:  February 29, 2024
3:40 p.m.

-----------------------------------------------------------x

STYLELINE STUDIOS INTERNATIONAL
LIMITED,

                Plaintiff,

Case No. 2:24-cv-1192-OEM-JMW

      v.

JAY LITVACK,

                Defendant.

-----------------------------------------------------------x

## AMENDED TEMPORARY RESTRAINING ORDER
## AS TO DEFENDANT JAY LITVACK

Upon review of the Complaint of Plaintiff Styleline Studios International Limited ("Plaintiff"), the memorandum of law submitted in support of Plaintiff's motion for a temporary restraining order and preliminary injunction, the memorandum of law submitted in opposition to Plaintiff's motion for a preliminary injunction, the memorandum of law submitted in reply in support of Plaintiff's motion for a preliminary injunction, and the accompanying declarations and the exhibits annexed thereto, and for good cause shown, it is hereby:

ORDERED, on the consent of the parties, that the Court's February 16, 2024 Temporary Restraining Order shall remain in effect pending the Court's decision on Plaintiff's motion for a preliminary injunction with the following modifications:

Defendant Jay Litvack ("Defendant") and his agents, servants, employees, attorneys, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall be immediately temporarily restrained from:

1. Manufacturing, importing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote

footwear or any other goods bearing, displaying, or using the Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

2. Manufacturing, importing, distributing, displaying, marketing, advertising, promoting, selling, or using any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark;

3. Engaging in any activity that infringes Plaintiff's rights in its J/SLIDES Mark;

4. Engaging in any activity constituting unfair competition with Plaintiff;

5. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

6. Using or authorizing any third party to use in connection with any business or good any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business or good with Plaintiff or tend to do so;

7. Registering or applying to register any trademark service mark, domain name (regardless of ccTLD or gTLD), trade name, or other source identifier or symbol of origin, consisting of or incorporating the Plaintiff's J/SLIDES Mark or any other mark that infringes or is

likely to be confused with Plaintiff's J/SLIDES Mark or any goods or services of Plaintiff, or Plaintiff as their source;

8. In connection with any sponsored advertising on the internet, purchasing the trademark Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's trademark J/SLIDES, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Plaintiff or the J/SLIDES Mark on the Internet will cause any domain name or website of Defendant to appear in search results;

9. Secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling of footwear or any other products that bear, contain, display, or use Plaintiff's J/SLIDES Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's J/SLIDES Mark; and

10. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (9).

ORDERED that the temporary restraining order as set forth in subparagraphs above shall not apply to: (1) any J/SLIDES merchandise bearing or sold in connection with the J/SLIDES mark that Styleline Studios, LLC purchased from Plaintiff; and (2) the J/SLIDES merchandise referenced in Paragraph 10 of the declaration of Jay Litvack dated February 28, 2024.

ORDERED that no security shall be required in association with the temporary restraining order.

ORDERED that Plaintiff is directed to serve a copy of this Temporary Restraining Order

upon Defendant.

SO ORDERED.

_____/s/_____

ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
           February 29, 2024 at 3:40 p.m.

4