Case 2:24-cv-01192-OEM-JMW Document 26 Filed 05/09/24 Page 1 of 3 PageID #: 584

FILED
CLERK
May 9, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STYLINE STUDIOS INTERNATIONAL LIMITED,

                         Plaintiff,

       -against-

JAY LITVACK,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROPOSED RULE 26(f)**
**SCHEDULING ORDER**
2:24-cv-1192 (OEM) (JMW)

## I. DISCOVERY PLAN

Pursuant to Rule 26(f)(3), the parties have conferred and jointly propose the following Discovery Plan:

    A.    The Parties do not] anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

    B.    The Parties anticipate that discovery may be needed on at least the following subjects:

        Trademark infringement/trademark counterfeiting

    C.    Discovery Limitations. The Parties have conferred and do not believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

    D.    ESI Discovery

Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26? YES___ NO _X_

Have the parties entered into an ESI protocol stipulation? YES___ NO _X_

Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here: √

    E.    Confidentiality

Do the parties anticipate the need for a confidentiality stipulation and order?
YES___ NO _X_

3562905v1

II. The parties' agreed-upon proposal for when discovery should be completed is set forth in Section II below.

| Date | Event |
|---|---|
| June 7, 2024: | Exchange of Rule 26(a)(1) disclosures |
| June 21, 2024: | Service of first interrogatories and document demands |
| July 22, 2024: | Responses to first interrogatories and document demands |
| June 21, 2024: | Motions to join new parties or amend the pleadings: |
| July 29, 2024: | Meet and confer regarding 30(b)(6) depositions |
| ~~[struck]~~ *Oct. 17, 2024 @ 9:30 AM* | Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date. |
| December 9, 2024: | Completion of all fact depositions |
| January 8, 2025: | Identification of case-in-chief experts and service of Rule 26 disclosures |
| February 7, 2025: | Identification of rebuttal experts and service of Rule 26 disclosures |
| February 7, 2025: | Close of all discovery, including expert discovery |
| ~~[struck]~~ *Feb. 21, 2025* | Final date by which parties shall take the first step of summary judgment motion practice. Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements. Parties are required to consult the individual rules of the district judge regarding motion practice. |
| *March 10, 2025 @ 9:30 AM* | Pretrial conference. These conferences shall be held via Zoom unless the case is assigned to the undersigned for all purposes including trial. If the assigned district judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. If a motion for summary judgment, or for a pre-motion conference as to the same, is filed then the Pretrial Conference is adjourned *sine die* and the requirement, if any, to file a joint proposed pretrial order is held in abeyance until further order of the court. |

[Handwritten initials: JMW / USMJ]

This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing and filed in

accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order after the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B). Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**COUNSEL:**

For Plaintiff:    Alexander D. Widell (Moritt Hock & Hamroff LLP)

For Defendant:    Paul Hugel (Clayman Rosenberg Kirshner & Linder LLP)

SO ORDERED!
/s/: James M. Wicks
James M. Wicks, USMJ
Dated: 5-9-2024
Central Islip, NY

3
3562905v1