

ERIK DERR

MEMBER OF NJ BAR
MEMBER OF NY BAR
MEMBER OF PA BAR

Becker LLC
2 Park Avenue
20th Floor, Suite 2006
New York, New York 10016

Direct:      (973) 251-8916
Main:       (212) 390-8407
Facsimile:  (646) 619-4699

ederr@becker.legal

June 28, 2024

**VIA ECF**
The Honorable Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 1120

      Re:     *Styleline Studios Int'l v. Litvack*
                   24-cv-01192-OEM-JMW

Dear Judge Merchant:

      This firm represents Counter Defendants Tina Ey-Vean Liu ("Liu") and Dimitri Mavridakis ("Mavridakis") (collectively, "Counter Defendants") in the above-captioned matter (the "Action"). Pursuant to Rule III(B) of Your Honor's Individual Practices and Rules, Counter Defendants write to request a that a pre-motion conference be scheduled to authorize Counter Defendants to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and/or in the alternative, a motion to strike certain aspects of the May 28, 2024 Answer and Counterclaim, ECF No. 29 (the "Counterclaim"), filed by Jay Litvack ("Litvack"), pursuant to Fed. R. Civ. P. 12(f).[1]

      First, the Counterclaim is vague and ambiguous as to what cause of action Litvack asserts against Counter Defendants. As best as Counter Defendants can tell, the claim is one for defamation, but Counter Defendants should not be forced to speculate as to the nature of the claims they are required to defend. While Fed. R. Civ. P. 8 only mandates a short and plain statement of the grounds for relief, the claim must provide fair notice of what the claim is and the grounds on which it rests. *Arista Records Ltd. Liab. Co. v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Counterclaim merely alleges that "false statements [made on Counter Defendants' behalf] were published to

---

[1] Counter Defendants acknowledge that by Rule a responsive pleading was due for filing on June 27, 2024, but were advised during negotiations for an extension of time that an answer to their request would be provided on June 28, 2024. Counter Defendants' request for an extension of time was ultimately denied, necessitating the filing of this letter.



The Honorable Orelia E. Merchant
June 28, 2024
Page 2 of 4

a third-party without Litvack's authorization and without privilege." ECF No. 29 at ¶ 101. These types of allegations lend themselves to a myriad of torts, mandating, at the very least, a more definite statement under Fed. R. Civ. P. 12(e). Given these amorphous allegations, the Court is limited in its ability to determine whether a cause of action has even been properly pled.

To the extent the claim is one for defamation, the claim is based in a series of legal communications sent on behalf of Styleline International Limited ("International") and Counter Defendants. It is well-settled authority that good faith assertions of a legal position do not constitute statements of fact sufficient to establish a defamation claim. *Lombardo v. Seuss Enters., L.P.*, 2017 U.S. Dist. LEXIS 64854, at *21 (S.D.N.Y. Apr. 7, 2017). Because the communications forming the basis of Litvack's Counterclaim are "merely a statement of [] legal position," there is no basis for any claim in tort. *S.L.C. Consultants/Constructors, Inc. v. Raab*, 578 N.Y.S.2d 284, 285 (App. Div. 1991).

These communications are also privileged to the extent they are statements made by attorneys prior to the commencement of litigation. *Lombardo v. Seuss Enters., L.P.*, 2017 U.S. Dist. LEXIS 64854, at *22 (S.D.N.Y. Apr. 7, 2017). A qualified privilege is applicable to statements pertinent to a good faith anticipated litigation, including those at issue in the Counterclaim where International and Counter Defendants made these statements asserting a legal right and for the purpose of mitigating damages. *Front, Inc. v. Khalil*, 4 N.Y.S.3d 581, 585 (2015). Accordingly, Litvack's Counterclaim must be dismissed on this basis.

Moreover, absent basis, computation, or explanation, the Counterclaim asserts claims for compensatory damages and punitive damages. Punitive damages are not proper in this Action and must be dismissed as a matter of law.

To the extent the Counterclaim is one for defamation, Litvack fails to allege the requisite "hatred, ill will, spite, criminal mental state or the traditionally required variety of common-law malice" to sustain a claim for, much less an award, of punitive damages. *Prozeralik v. Capital Cities Communs.*, 605 N.Y.S.2d 218, 220 (1993). Ample authority permits striking prayers for punitive damages where such relief is unavailable as a matter of law. *See, e.g.*, *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 544 (S.D.N.Y. 2012) (granting motion to strike sections of complaint asserting punitive damages, because pleadings did not meet high bar for punitive in non-fraud case of breach of fiduciary duty), *aff'd sub nom. La. Pac. Corp. v. Merrill Lynch & Co.*, 571 F. App'x 8 (2d Cir. 2014); *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 Civ. 7998 (HB), 2008 U.S. Dist. LEXIS 28999, 2008 WL 1710910, at *5-9 (S.D.N.Y. Apr. 10, 2008) (granting motion to strike prayer for punitive damages for failure to allege level of high moral culpability necessary to sustain punitive award in case involving fraud and deceit); *Ladenburg Thalmann & Co. v. Imaging Diagnostic Sys., Inc.*, 176 F. Supp. 2d 199, 207 (S.D.N.Y. 2001) (granting motion to strike



The Honorable Orelia E. Merchant
June 28, 2024
Page 3 of 4

punitive because complaint did not allege, *inter alia*, egregious conduct sufficient to sustain such an award).

"Under New York law, punitive damages in a defamation case are justified 'to punish a person for outrageous conduct which is malicious, wanton, reckless, or in willful disregard for another's rights.'" *DiBella v. Hopkins*, 403 F.3d 102, 122 (2d Cir. 2005) (quoting *Prozeralik v. Cap. Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479-80 (1993)). This requires more than just a showing of malice. *DiBella v. Hopkins*, 403 F.3d 102, 122 (2d Cir. 2005) "To award plaintiff punitive damages, the Court must find that plaintiff has established common law malice, showing by a preponderance of the evidence that the libelous statements were made out of hatred, ill will, or spite." *Daniels v. Kostreva*, 2017 U.S. Dist. LEXIS 5534, 2017 WL 823583, at *13 (E.D.N.Y. Jan. 12, 2017). The Counterclaim fails to include any allegation to this effect. If anything, the Counterclaim pleads that the statements purportedly imputed to Counter Defendants were made to protect a legitimate business interest in the subject trademark, which, of course, is not actionable.

The Court could, however, abstain from these analyses completely by concluding that no subject matter exists over Litvack's permissive Counterclaim. *Quinones v. Nescie*, 110 F.R.D. 346, 348 (E.D.N.Y. 1986). This is the case because the Counterclaim, one, presumably for defamation arising from alleged third-party communications, is wholly unrelated to International's trademark Complaint. Courts in this District have ruled that counterclaims irrelevant (defamation) to the issues raised in the original complaint (trademark infringement and unfair competition) do not arise from the same transaction or occurrence, thereby stripping the Counterclaim of subject matter jurisdiction (or mandating a finding of improper joinder under Fed. R. Civ. P. 20). *See Quinones v. Nescie*, *supra,* 110 F.R.D. 346.

These grounds are not exhaustive, but represent merely a sampling of bases upon which Counter Defendants request permission to file a motion to dismiss (or in the alternative to strike/for a more definite statement). Given these numerous deficiencies of the Counterclaim, Counter Defendants respectfully request the Court grant a pre-motion conference in this Action.

Counter Defendants remain at the Court's disposal should Your Honor have any inquiries.

Respectfully Submitted,

*/s/ Erik B. Derr*
Erik B. Derr



The Honorable Orelia E. Merchant
June 28, 2024
Page 4 of 4

cc:  Kelly Dana Schneid
 Michael Schwab
 Alexander D. Widell
  *counsel for Plaintiff Styleline Studios International,* via PACER
 Paul Scott Hugel
 Peter Scoolidge
  *counsel for Defendant/Counterclaim Plaintiff Jay Litvack,* via PACER
 William M. Moran
  *Counsel for Proposed Intervenor Hilldun Corporation,* via email