

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Paul S. Hugel
Partner
hugel@clayro.com

August 22, 2024

*Via ECF*
Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Styleline Studios Int'l Ltd v. Litvack
24-cv-01192-OEM-JMW

Dear Judge Merchant:

We represent defendant/counterclaim plaintiff Jay Litvack in the above-referenced matter. We write with respect to the Court's order issued this afternoon holding that the filing of Litvack's amended counterclaim was untimely and therefore procedurally improper.

F.R.C.P. Rule 15(a)(1) states that

> A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, *or*
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

Subparagraph (A) governs pleadings for which no responsive pleading is required, while subparagraph (B) governs pleadings which require a response. 3 Moore's Federal Practice – Civil §§ 15.11 and 15.12.[1] As Litvack's counterclaim is a pleading "to which a responsive pleading is required" its amendment as of right is governed by subparagraph (B).

---

[1] "A party may amend its pleading once as a matter of course no later than 21 days after serving it. This simple, 21-day deadline applies to pleadings that do not require a responsive pleading—generally, this means an answer, including an answer to the original complaint, an answer to a designated counterclaim, an answer to a crossclaim, or an answer to a third-party complaint. If the pleading is one that *does* require a responsive pleading, a more complex time limit applies." 3 Moore's Federal Practice - Civil § 15.11

Pursuant to Rule 15(a)(1)(B), "Service of either a responsive pleading or a motion under Rule 12(b), (e), or (f) will begin a 21-day period within which an amendment as a matter of course is permitted." 3 Moore's Federal Practice - Civil § 15.12. No responsive pleading has been filed by the counterclaims defendants, but counterclaim defendants served motions under Rule 12(b) and (e) on July 31, 2024. Litvack's 21-day period to amend the counterclaim as of right therefore ran from August 1 to until August 21, 2024.[2]

Litvack filed his amended counterclaim on August 21, 2024, the last day of the 21 day period to amend as a matter of course. "The court has no discretion to deny a timely amendment made as a matter of course." 3 Moore's Federal Practice - Civil § 15.10.

Given the above, it appears to us that the Court's order of this afternoon was the result of a "mistake arising from oversight or omission" which can be corrected under F.R.C.P. Rule 60(a) without the need for a motion.

If the Court disagrees and still believes that Litvack's amended counterclaim was not timely filed under Rule 15(a)(1), and that he is required to seek leave to file the amended counterclaim, we would ask that the Court stay the briefing schedule currently in place for the pending motions to dismiss the original counterclaim so that the parties can file briefs after the operative pleading has been identified.

Very truly yours,

Paul Hugel

cc: All counsel of record (via ECF)

---

[2] In computing any time period under the F.R.C.P "When a period is stated in days . . . exclude the day of the event that triggers the period.". F.R.C.P. Rule 6(a)(1)(A)