

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Paul S. Hugel
Partner
hugel@clayro.com

August 23, 2024

*Via ECF*
Hon. Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Styleline Studios Int'l Ltd v. Litvack - 24-cv-01192-OEM-JMW

Dear Judge Merchant:

I write to respond briefly to the letter submitted this morning by counsel for counterclaim defendants Liu and Mavridakis. [Dkt. No. 62]. Counterclaim defendants asserts that Litvack's right under Rule 15(a)(1) to amend the counterclaim as of course was curtailed by the scheduling order entered in this case. [Dkt No. 26]. Counterclaim defendants are mistaken.

The relevant provision in the scheduling order states that "Motions to join new parties or amend the pleadings" shall be made by June 21, 2024. Because Litvack filed his amended counterclaim within the time period set forth in Rule 15(a)(1)(B), he was not required to file a motion to amend, nor did he seek to do so. The scheduling order does not purport to limit the parties' right to amend their pleadings as of course.

Each of the cases cited in the letter from Liu and Mavridakis' counsel concern parties seeking to amend their pleading after their time to amend as of course under Rule 15(a)(1) had expired, who were therefore required to file a motion under Rule 15(a)(2) seeking leave to amend. The cases cited discussed the correct standard for the court to apply in exercising its discretion in deciding such motions.

Since Litvack filed his amended counterclaim within the 21-day period to amend as of course provided by Rule 15(a)(1), he was not required to file a motion under Rule 15(a)(2) and the issue of what discretionary standard to apply to such a motion is simply inapplicable. Pursuant to Rule 15(a)(1), "The court has no discretion to deny a timely amendment made as a matter of course." 3 Moore's Federal Practice - Civil § 15.10.

Very truly yours

Paul S. Hugel

cc:  All counsel (via ECF)