UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STYLELINE STUDIOS INTERNATIONAL
LIMITED,

                Plaintiff,

      -against-

JAY LITVACK,

                Defendant and Counterclaim Plaintiff,

      -against-

STYLELINE STUDIOS INTERNATIONAL LIMITED,
TINA EY VEAN LIU, and DIMITRIOS MAVRIDAKIS,

                Counterclaim Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-01192 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

On February 15, 2024, plaintiff Styleline Studios International Limited ("Styleline INT") commenced this action against defendant Jay Litvack for allegedly counterfeiting and willfully infringing upon Plaintiff's federally registered trademark "J/SLIDES." Complaint ("Compl."), ECF 1. Specifically, Styleline INT asserts the following claims against Litvack: counterfeiting and trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1114(1), federal unfair competition pursuant to 15 U.S.C. §1125(a), counterfeiting and trademark infringement under New York common law, and unfair competition under New York common law.

In turn, defendant and counterclaim plaintiff Jay Litvack ("Litvack" or "Counterclaim Plaintiff") asserted a defamation counterclaim against Styleline INT, Tina Ey Vean Liu ("Liu"), and Dimitrios Mavridakis ("Mavridakis") (collectively, "Counterclaim Defendants"). Counterclaim Plaintiff's Answer and Counterclaim, ECF 29. In his Amended Counterclaim, filed

1

August 21, 2024, Litvack alleges Counterclaim Defendants sent demand letters falsely stating that Litvack was selling counterfeit J/SLIDES shoes to his business partners to misappropriate Styleline Studios LLC's assets for themselves.  *See* Amended Counterclaim ("Am. Countercl."), ECF 60 ¶ 10.  Further, Litvack alleges that these statements were defamatory and caused harm to his business reputation.  *Id*. ¶ 12.

On August 27, 2024, the Court referred the Counterclaim Defendants' pre-motion conference request on anticipated motion to dismiss the Amended Counterclaim and any resulting motions to Magistrate Judge Wicks.  *See* Docket Order dated August 27, 2024.  On April 22, 2025, Magistrate Judge Wicks issued a Report & Recommendation ("R&R"), ECF 91.  On May 20, 2025, the R&R was fully briefed.[1]

Before the Court is Magistrate Judge Wicks' R&R recommending that the Court grant Counterclaim Defendants' motion to dismiss Counterclaim Plaintiff's Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike the request for punitive damages for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(f).  For the following reasons, Counterclaim Plaintiff's Objections to the R&R are overruled, the R&R is adopted, and Counterclaim Defendants' motion to dismiss the Amended Counterclaim and strike the request for punitive damages is granted.

---

[1] *See* Counterclaim Defendants' Motion to Dismiss Counterclaim Plaintiff's Amended Counterclaim, ECF 76; Counterclaim Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Countercl. Defs.' Mem. of Law"), ECF 76-1; R&R; Counterclaim Plaintiff's Objections ("Litvack's R&R Objections"), ECF 92; Counterclaim Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss ("Litvack's Mem. of Law"), ECF 77 at 15. Counterclaim Defendants filed a timely response in opposition to Counterclaim Plaintiff's objections ("Countercl. Defs.' Reply in Support of R&R"), ECF 94.

## BACKGROUND

A.  **R&R Jurisdictional Findings**

The R&R recommends that the Court decline to exercise diversity jurisdiction over Counterclaim Plaintiff's counterclaim for failure to allege facts establishing that the amount in controversy exceeds $75,000, thus satisfying the amount in controversy requirement for purposes of diversity jurisdiction. R&R at 16. The R&R found, pursuant to 28 U.S.C. §§ 1331 and 1332, that the Court does not have diversity jurisdiction to hear Litvack's counterclaim because Litvack's declaration does not identify the business deals or profit he lost as a result of the alleged defamation, nor does it proffer any other non-conclusory information to establish that the amount in controversy has been met. *Id.* at 11, 16.

However, the R&R recommends that the Court exercise supplemental jurisdiction over Litvack's counterclaim finding, pursuant to 28 U.S.C. § 1367(a), that the counterclaim arises out of the same common nucleus of operative facts as the trademark infringement claim at issue in the underlying suit, over which the Court has original federal question jurisdiction, and no Section 1367(c) exceptions apply. *Id.* at 20-21.

B.  **R&R Findings on the Merits**

The R&R recommends that Counterclaim Defendants' motion to dismiss be granted because Counterclaim Plaintiff's counterclaim fails as a matter of law based on the following findings.

First, the demand letters sent to Litvack's business associates communicated a good faith assertion of a legal position, and therefore were not defamatory per se. *Id.* at 26.

Second, even if the Court were to determine that the letters were defamatory per se, the pre-litigation communications privilege applies to three of the four letters, and therefore those

3

letters cannot form the basis of an actionable defamation claim. *Id.* at 28-29. The privilege applies because the demand letters, sent by Counterclaim Defendants' attorney, are pertinent documents created by an attorney in good faith anticipation of litigation. *Id.* at 28. Thus, the fourth letter, the demand letter sent by Counterclaim Defendant Liu, is not subject to the pre-litigation privilege because Liu was not acting as an attorney. *Id*. at 30. Furthermore, because Liu was not an individual serving a public function or working for a quasi-governmental entity, the demand letter did not implicate public interests, such that it would not be defamatory. *Id.* at 31.

Third, it would be premature to conclude that the *Noerr-Pennington* doctrine applies because the recipients of the demand letters are not governmental entities, none of the statements in the demand letters implicate the policy rationales underlying the doctrine, and the sham exception is inapplicable to this controversy. *Id*. at 33-35.

Finally, statements in the demand letters appear not to be motivated by malice but rather by a desire to protect Counterclaim Defendants' legitimate business interests, and therefore an award of punitive damages is unjustified. *Id*. at 37.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b).

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). With respect to objections filed regarding a dispositive matter, "any part of the magistrate judge's

recommendation that has been properly objected to must be reviewed by the district judge de novo." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).

To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Kosmidis v. Port Auth. of New York & New Jersey*, 18-CV-08413, 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (citation omitted); *see also Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings."). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are therefore considered "proper" for the district court's consideration. FED. R. CIV. P. 72(b)(2). Thus, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, 09-CV-00272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

## DISCUSSION

Counterclaim Plaintiff Litvack raises four objections to the R&R's findings: (1) the R&R incorrectly concludes that this Court lacks original jurisdiction, Litvack's R&R Objections at 4-7; (2) Counterclaim Defendants' statements accusing Litvack of dealing in counterfeit goods are not protected statements of opinion, *id.* at 7-10; (3) Counterclaim Defendants' statements are not protected by the privilege for pre-litigation statements, *id.* at 10-13; and (4) Litvack has alleged

5

facts that, if proven, would warrant the imposition of punitive damages against Counterclaim Defendants, *id.* at 13-14.

### A. Objection to R&R's Findings that Court Lacks Original Jurisdiction

Litvack objects to the R&R's conclusion that the Amended Counterclaim, read with Litvack's Supplemental Declaration of April 18, 2025, ECF 89, does not establish that the amount in controversy exceeds $75,000, arguing that this conclusion "is not supported by the law." Litvack's R&R Objections at 4. That is, Litvack objects to the Court's original jurisdiction finding.

Yet notably, neither party objects to the R&R's conclusion that the Court has *supplemental* jurisdiction over the Amended Counterclaim. *See* R&R at 21. Therefore, the R&R's supplemental jurisdiction conclusion is reviewed for clear error. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). "When no timely objection is filed" to a magistrate judge's recommendation on a referred motion, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018). The Court has reviewed Magistrate Judge Wicks' recommendation and, finding no clear error on its face, adopts the R&R's recommendation as to the exercise of supplemental jurisdiction over the Amended Counterclaim.

In light of the Court's exercise of supplemental jurisdiction, it need not address Litvack's objection to the R&R's finding that the Court does not have original jurisdiction. *Cf. Ratner v. Robinson*, 13-CV-6278 (JS) (ARL), 2014 WL 4659308, at *3 n.4 (E.D.N.Y. Sept. 16, 2014) ("Since the Court has determined that an adequate basis of jurisdiction exists here in the form of

6

supplemental jurisdiction, Plaintiff's motion for leave to file an amended opposition to assert this argument is DENIED AS MOOT."); *Ret. Bd. of the Policemen's Annuity v. The Bank of New York Mellon*, 11-CV-5459 (WHP), 2015 WL 9275680, at *4 (S.D.N.Y. Dec. 18, 2015) ("In view of this Court's exercise of supplemental jurisdiction, it need not address Defendant's argument that Plaintiffs have not established diversity jurisdiction."). Therefore, the R&R's jurisdiction finding as to supplemental jurisdiction is adopted, and Litvack's objection to the R&R's original jurisdiction finding is overruled as moot.

### B. Objection to the R&R's Defamation Findings

Counterclaim Plaintiff Litvack objects to the R&R's defamation finding that "the alleged false statements contained in the[] letters are non-actionable statements of opinion[,]" Litvack's R&R Objections at 3, and thus cannot form the basis of a defamation claim.

Under New York law, defamation is (1) a false statement, (2) published, without privilege or authorization, to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard that (4) either causes special harm or constitutes defamation per se. *Dillon v. City of New York*, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1,5 (1st Dep't 1999) (citing Restatement [Second] of Torts § 558); *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (same). A plaintiff does not need to prove special damages if they can establish that the alleged defamatory statement was defamatory per se. *Rufeh v Schwartz*, 50 A.D.3d 1002, 1004, 858 N.Y.S.2d 194 (2d Dep't 2008). Generally, defamation refers to an "injury to one's reputation[,]" *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), "either by written expression, which is libel, or by oral expression, which is slander[,]" *YCF Trading Inc. v. Skullcandy, Inc.*, 24-CV-02540 (MKB), 2025 WL 929714, at *7 (E.D.N.Y. Mar. 27, 2025) (quoting *Idema*, 120 F. Supp. 2d at 365).

7

A statement is defamatory per se if it (1) charges a plaintiff with a serious crime or (2) tends to injure the plaintiff in their "trade, business[,] or profession[.]" *See Liberman v. Gelstein*, 80 N.Y.2d 429, 435, 605 N.E.2d 344, 347, 590 N.Y.S.2d 857, 860 (1992). To be actionable as tending to injure another, the challenged statement must do more than cause discomfort or affront to the person the statement is about, *Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014), it must tend to injure the person in their professional capacity by linking a particular disreputable vice of that profession to a person in that profession. *Celle v. Filipino Rep. Enters.*, 209 F.3d 163, 179 (2d Cir. 2000); *Kforce, Inc. v. Alden Personnel, Inc.*, 288 F. Supp. 2d 513, 516 (S.D.N.Y. 2003). Statements that claim a person is unprofitable or lacks success in a geographic area are not defamatory per se. *Kforce, Inc.*, 288 F. Supp. 2d at 517. However, statements that impugn the basic integrity or competence of a person's business by imputing to a person allegations of fraud, misconduct or unfitness, are defamatory per se. *Id*.

Here, the statements Litvack identifies as defamatory pertain to letters sent by Counterclaim Defendants to Litvack's business associates explaining that Litvack did not have the right to use the J/SLIDES mark.

- "This letter serves a formal notice to inform you that Styleline Studio LLC has been using the Trademark registration in violation of our Client's rights to such intellectual property rights, and ha (sic) no rights whatsoever in respect to the Trademark." Am. Countercl. ¶ 33 (alteration in original).

- "Accordingly, any authorization/request from Styleline Studio LLC to advertise, sell and distribute the Goods is a blatant infringement on Our Clients (sic) rights. Further, any activity carried out by your company to advertise, sell and distribute the Goods would amount to infringement of our Client (sic) rights." *Id.* (alteration in original).

- "Accordingly, any request from Styleline Studio LLC to exhibit goods where the Trademark has applied (*sic*) at the Upcoming Show or to be listed in the relevant directories as the Trademark authorized user (in any capacity whatsoever), is a blatant infringement to Our Clients (*sic*) rights." *Id.* ¶ 34 (alteration in original).

8

- "Further, any activity carried out by your company to allow Styleline Studio LLC to exhibit such goods and/or use the Trademarks at the Upcoming Show would amount to infringement of Our Client (*sic*) rights." *Id.* (alteration in original).

- "[S]ince November 2022 Styleline Studio LLC has been using the [J/Slide] Trademark registrations in violation of [Styleline HK's] rights to such intellectual property rights (sic)[.]" *Id.* ¶ 35 (alteration in original).

### 1. The Letters Constitute Opinion

Counterclaim Defendants argue that Litvack's defamation claim fails as a matter of law because the demand letters contain "statements of legal opinion, not statements of fact," and therefore are inactionable as defamation. Countercl. Defs.' Mem. of Law at 9. Counterclaim Defendants argue that the letters constitute nonactionable opinion because "the communications forming the basis of Litvack's Amended Counterclaim are 'merely a statement of [] legal position[.]'" *Id.* at 6 (citing *Lombardo v. Dr. Seuss Enters., L.P.*, 2017 WL 1378413 at *7 (S.D.N.Y. Apr. 7, 2017).

Counterclaim Plaintiff argues that the letters contain actionable statements of fact because the letters "state that Litvack was engaging in rampant trademark infringement[,] . . . that he deceived Hilldun by entering in the factoring agreement without the authorization of Liu and Mavridakis[,] . . . [and] that Litvack had involved them in a counterfeiting scheme, exposing them to damages and liability." Litvack's Mem. of Law. at 15. According to Litvack, "[a]ll of these statements are expressions of fact, capable of being proved false." *Id.*

> These statements could never be considered protected statements of opinion, even if they had been phrased as opinion, which they were not. The other statements are either pure statements of fact (i.e.–that Liu and Mavridakis had not authorized Litvack to enter into the factoring agreement with Hilldun), or unprotected mixed statements of opinion and fact (i.e. - "Any activity carried out by your company to advertise, sell and distribute [J/SLIDES] goods would amount to infringement.").

*Id.* at 10.

"The New York Constitution provides for absolute protection of opinions." *LaNasa v. Stiene*, 24-1325, 2025 WL 893456, at *2 (2d Cir. 2025) (quoting *Celle*, 209 F.3d at 178). Thus, only statements of fact are "actionable as defamation[.]'" *Brady v. NYP Holdings, Inc.*, 2022 WL 992631 at *7 (S.D.N.Y. Mar. 31, 2022) (quoting *Chau*, 771 F.3d at 128).

New York courts utilize a three-pronged inquiry to determine whether a statement is a fact or an opinion. *Levin*, 119 F.3d at 196. First, the Court considers "whether the specific language used has a precise and readily understood meaning." *Id.* Second, the court determines "whether the statements are susceptible of being proven false." *Id.* Finally, the court "evaluates whether the context of the statements signals to the reader that what is being conveyed is likely to be opinion rather than fact." *Id.*

"Courts should . . . look[] to the content of the whole communication, its tone and apparent purpose, instead of engaging in hypertechnical parsing of written and spoken words for the purpose of identifying possible facts that might form the basis of a sustainable [defamation] action," *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191, 203 (2d Cir. 2015) (internal citations and quotations omitted) (alteration in original). "A court must have the flexibility to consider the relevant factors and to accord each the degree of importance which the specific circumstances warrant." *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 291-92, 501 N.E.2d 550, 508 N.Y.S.2d 901 (1986). This "context" factor includes not only "the immediate context in which the disputed words appear," but also "the larger context in which the statements were published, including the nature of the particular forum." *Rapaport v. Barstool Sports Inc.*, 22-2080-CV, 2024 WL 88636, at *2 (2d Cir. 2024) (citation omitted). "[T]he words are to be construed not with the close precision expected from lawyers and judges but as they would be read and understood *by the*

10

*public to which they are addressed.*" *YCF Trading Inc.*, 2025 WL 929714, at *9 (quoting *Valley Elecs. AG v. Polis*, 21-2108, 2022 WL 893674, at *2 (2d Cir. 2022)) (emphasis in original).

Statements that are "pure opinion" are protected and are not actionable as defamation while statements that are "mixed opinion" and fact may be actionable. *Chau*, 771 F.3d at 129. A pure opinion statement either does not imply that it is based upon undisclosed facts underlying the statement, or is accompanied by a recitation of the facts upon which the statement is based. *Id.* ; *see Rapaport*, 2024 WL 88636 at *2. For example, statements on a flyer distributed by employees of a restaurant may be pure opinion where they recite facts underlying a claim of exploitation. *Zu Guo Yang v. Shanghai Cafe Inc.*, 10-CV-8372 (LLS), 2012 WL 398641, at *4 (S.D.N.Y. Feb. 8, 2012). Statements are "mixed opinion" when "a reasonable listener or reader would infer that 'the speaker [or writer] knows certain facts, unknown to [the] audience, which support [the] opinion and are detrimental to the person [toward] whom [the communication is directed][.]'" *Kasavana v. Vela*, 172 A.D.3d 1042, 1045, 100 N.Y.S.3d 82 (2d Dep't 2022) (internal citations omitted).

Counterclaim Defendants' letters to Litvack's business associates were statements of pure opinion, not fact. Regarding the first factor—"whether the specific language used has a precise and readily understood meaning[,]" *Levin*, 119 F.3d at 196—each allegation of infringement has a precise meaning which is readily understood by its intended audience: the products Litvack sold were counterfeit. Each letter lists the J/SLIDES marks, explains that the trademark registrations are owned solely by Styleline INT, asserts that Styleline Studio LLC "has been using the [marks] in violation of" Counterclaim Defendants' rights, and that any use of the mark "is a blatant infringement" on Counterclaim Defendants' rights. Am. Countercl. ¶¶ 33-37.

11

With respect to the second factor, counterclaim Defendants' statements about infringement are "capable of being proven true or false." *Rapaport*, 2024 WL 88636 at *2. Therefore, the first and second factors weigh in favor of concluding that the letters contain facts.

As to the third factor, in the "full context of the communication," *id.*, Counterclaim Defendants as the mark owners sent, and "caused an attorney . . . to send letters to various persons and entities with which [Litvack] did business," Am. Countercl. ¶ 31. Litvack alleges that Counterclaim Defendants' attorney sent three letters and Counterclaim Defendant Liu sent one, to Litvack's business associates informing them of the trademark infringement allegations and potential consequences of continuing to do business with Litvack. *See id.* ¶¶ 31-37. However, considering the context, these allegations do not establish that the reader, the persons with whom Litvack did business, would accept and rely on the statements in the letters as fact. *See Rapaport*, 2024 WL 88636 at *2 ("The dispositive inquiry . . . is whether a reasonable reader could have concluded that [the statements were] conveying facts about the plaintiff.") (internal citation omitted). Each letter asserts Counterclaim Defendants' rights to the J/SLIDES mark and most are written by Counterclaim Defendants' lawyer. A reasonable reader would understand the demand letters to contain statements more akin to legal opinions than facts. A letter sent to a business by a lawyer representing another business, or by a competitor regarding alleged infringement would be commonly understood as expressing an opinion. A reasonable reader would understand that a party alleging infringement, would proffer a legal position supporting their argument. Likewise, a reasonable reader at a receiving company, especially one that may be a competitor, would not accept a legal position at face value.

The facts here are similar to those in *Lombardo*, where the defendant issued a series of cease and desist letters claiming infringement, and the court determined that the defendant sent the

12

letters to notify the recipients of its legal opinion that their intellectual property rights had been violated. *Lombardo*, 2017 WL 1378413, at *7. In *Lombardo*, the court held that the defendant's good faith assertion of its legal position did not constitute a statement of fact sufficient to establish a defamation claim. *Id*. Likewise, here, the demand letters informed third parties involved in business deals with Litvack of Counterclaim Defendants' good faith legal opinion that Litvack had violated Counterclaim Defendants' rights in the J/SLIDES mark.

Moreover, a legal opinion is "[a] written document in which an attorney provides his or her understanding of the law as applied to assumed facts." BLACK'S LAW DICTIONARY (12th ed. 2024); *see Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 95-CV-8833 (RPP), 2000 WL 1655054, at *5 (S.D.N.Y. Nov. 3, 2000) (holding that an attorney's "authorship" of a legal letter "will not give [his client's] position on infringement added credibility because the [letter] represents [the attorney's] understanding of the law as applied to facts submitted to him by [his client]."). Here, Counterclaim Defendants and their counsel prepared written documents that provided their understanding of the law as applied to the facts Counterclaim Defendants proffered. Therefore, the statements contained in these letters constitute legal opinions.

Litvack argues that the R&R "fails to take into account a line of cases . . . addressing the issue of whether a defamation claim alleging that a defendant falsely told a vendor that a plaintiff was trafficking in counterfeit goods could be dismissed based on defendant's contention that the statement was a protected opinion." Litvack's R&R Objections at 8. Litvack cites four cases as persuasive authority for this proposition. However, each of these cases is distinguishable and non-binding.

In *Fossil Grp, Inc. v. Angel Seller LLC*, 2022 WL 9447259 (E.D.N.Y. Oct. 14, 2022), the alleged defamatory statements were not made by or at the direction of attorneys, and there were

13

allegations that the party making the statements *knew* the products were not counterfeit. In *Beauty Beauty USA, Inc. v. Chin Hong Luo*, 2011 WL 4952658 (S.D.N.Y. Oct. 13, 2011), the business owner told not just other companies in the beauty product industry, but also individual consumers of those products that the products a company sold were "counterfeit." Moreover, it is not clear that the business owner sent formal cease and desist letters outlining the basis for her position, as Liu did here. *See* Complaint ¶ 12. In *YCF Trading Inc.*, 2025 WL 929714, at *10-13, and *GM Photo, LLC v. Focus Camera, Inc.*, 22-CV-10339 (VSB), 2025 WL 1226629, at *4-5 (S.D.N.Y. Apr. 24, 2025) (involving trademark infringement notices that were submitted to Amazon where the defendants filed complaints or reports with Amazon about the sale of allegedly counterfeit products), the parties submitting the complaints submitted them under penalty of perjury, Amazon removed the listings, and the plaintiff had to prove that the counterfeit complaints were false. Unlike the Amazon portal in those cases that blindly accepted all submissions as fact and acted on the assumption that the facts were correct, here, the recipients of the demand letters are sophisticated parties who can distinguish fact from legal opinion.

      Focusing on the overall context of the complained-of assertions, which make clear that Counterclaim Defendants asserted legal opinions, the Court finds that the demand letters cannot form the basis of a defamation claim. *See Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 153 (2d Cir. 2000) ("[T]he Court of Appeals of New York has consistently focused its analysis on the overall context in which the complained-of assertions were made."). Because this issue is dispositive, the Court need not reach Counterclaim Plaintiff's other objections to the R&R. *Cf. Sidman v. Concord Arena Parking, LLC*, 15-CV-07426 (CBA) (SJB), 2022 WL 912753, at *5 (E.D.N.Y. Mar. 29, 2022) ("Since these conclusions are dispositive of Defendants' motion, I need not address Defendants' other objections to the R&R."); *Zellner v. Colvin*, 13-CV-00432 (MAT),

14

2016 WL 1741368, at *2 (W.D.N.Y. May 3, 2016) ("Because consideration of the Commissioner's first objection is dispositive of this case, the Court will discuss that objection only."); *United States v. Penny*, 09-CR-0544 (BMC) (LB), 2010 WL 1371361, at *1 (E.D.N.Y. Apr. 6, 2010) ("I adopt Judge Bloom's findings and overrule defendant's first objection. This point is dispositive and I therefore need not reach the second objection.").

Upon de novo review, the Court agrees with Judge Wicks' conclusion that the demand letters "do not supply the basis for an actionable defamation claim," and therefore the Amended Counterclaim should be dismissed. *See* R&R at 26.

## CONCLUSION

For the foregoing reasons, Counterclaim Plaintiff's original jurisdiction and protected opinion objections are overruled, and the Court adopts the portion of the R&R concerning supplemental jurisdiction and the protected opinion exception to defamation claims. Consequently, Counterclaim Defendants' motion to dismiss the Amended Counterclaim is granted, the Amended Counterclaim is hereby dismissed, and the Court need not reach the remainder of the R&R's recommendations.

SO ORDERED.

/s/  
ORELIA E. MERCHANT  
United States District Judge

July 25, 2025  
Brooklyn, New York